FILED

00 JUL -5 AM 9:

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 5 2000

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

NEW HAMPSHIRE INSURANCE COMPANY,  )
    PLAINTIFF,                     )
VS.                                )    CV99-H-2548-NE
COOSA FINANCIAL SERVICES, INC.,    )
d/b/a CHECK EXPRESS; KAREN
ELIZABETH AUSTIN; and PHYLLIS      )
A. BYARS,
                                   )
    DEFENDANTS.

**MEMORANDUM OF DECISION**

Currently before the Court is the plaintiff's May 3, 2000 motion for summary judgment in the above-styled action for declaratory judgment. Pursuant to the Court's May 4, 2000 order, the motion for summary judgment came under submission on June 1, 2000. For the reasons discussed below, the plaintiff's motion is due to be denied and this action is due to be dismissed.

This case arises from a pending action in the Circuit Court of Madison County, Alabama. In that underlying suit, present defendants Austin and Byars, as class representatives, alleged that defendant Coosa Financial Services, Inc. ("Coosa") had violated provisions of Alabama's consumer finance laws and, in so doing, had also acted unconscionably and committed the tort of outrage. Specifically, Coosa was accused of making illegal loans

commonly called "payday loans."[1] Although disclaiming coverage under a commercial liability insurance policy that it had issued, plaintiff New Hampshire Insurance Company ("New Hampshire") agreed to provide Coosa with a defense in the state court action under a reservation of rights. Despite the defense provided by plaintiff, the state court ruled, on motion for summary judgment, that Coosa had made loans in violation of state law and certified the suit as a class action. However, the state court did not address the issue of damages, giving leave for later proof, nor did it address the state plaintiffs' claims for outrage and for common law unconscionability. See Austin v. Rapid Cash, Inc., No. 98-466-JWB (Madison County, Ala. Cir. Ct. Mar. 23, 2000) (order denying defendants' motion to dismiss or stay, granting plaintiffs' motion for summary judgment, and certifying class action status). Current plaintiff New Hampshire now seeks from

---

[1] In a "payday loan" transaction, a borrower in need of funds tenders to the lender a post-dated check, invariably drawn on insufficient funds. The lender, in exchange for the check, gives the borrower a sum of cash significantly less than the face amount of the check and agrees not to present the check for collection for some specified, short period of time, generally not exceeding a few weeks. At the end of the forbearance period, the borrower may reclaim his check by tendering to the lender the full face amount of the draft, or if the lender does not reclaim the check, the borrower may present it for collection through the normal banking channels.

this Court a declaration that it is under no duty to indemnify or to defend Coosa in the underlying state court action.

Although this matter is before the Court on plaintiff's motion for summary judgment, as a threshold matter, the Court must first decide whether to exercise jurisdiction. "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (1994). Regardless of the existence of a basis for federal jurisdiction, the decision to entertain an action for a declaratory judgment is within the federal court's broad discretion. See Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997); Ryder Servs. Corp. v. Savage, 945 F. Supp. 232, 235 (N.D. Ala. 1996). That discretion is not to be exercised blindly or abstractly but, rather, with "considerations of practicality and wise judicial administration." See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). See also Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942) (setting forth a non-exhaustive list of factors including the pendency of parallel state court proceedings and the satisfactory nature of the state forum for the adjudication of all claims at issue).

Here, considerations militate against federal involvement. First, the underlying action is still pending in state court, and as defendant Coosa notes in its opposition brief, potentially important questions regarding both the measure of damages and the full extent of Coosa's liability have yet to be resolved. That suit seeks damages for mental anguish as well as punitive damages, and as previously mentioned, also includes a claim for outrage. Plaintiff responds that the only applicable damages under the statutes which Coosa was found to have violated are economic damages not covered under the policy. However, that ignores the fact that the state plaintiffs' claims include a count for outrage, which apparently has not been addressed by the state trial court. Arguably under Alabama law such a claim, which asserts mental anguish as an element of damages, could be for bodily injury, which could fall within the policy provisions. Cf. <u>American States Ins. Co. v. Cooper</u>, 518 So. 2d 708 (Ala. 1987). As for the statutory claims, whether the state court plaintiff may recover elements of damage in addition to those specifically provided in the statutes seemingly remains an open question.[2] An Alabama state court is better able to settle such

---

[2] New Hampshire has cited no case law specifically limiting plaintiffs to the statutory damages and the statutes in question

4

a dispute, concerning purely state law. That a determination of New Hampshire's rights and obligations turns in part on the resolution of disputed issues regarding applicable damages for state statutory violations and of an unsettled state-law tort claim pending before an Alabama circuit court, which will eventually be required to decide both issues, weighs heavily against this Court's hearing plaintiff's declaratory judgment action.

Furthermore, the question of New Hampshire's rights and obligations under its policy of insurance with Coosa "can better be settled in the proceeding pending in the state court." See Brillhart, 316 U.S. at 495. Alabama state courts routinely interpret insurance policy coverage issues under state law, and no procedural bar would prevent the state court from determining New Hampshire's obligation to indemnify and to defend as part of the pending state court action. See, e.g., Pharr v. Beverly, 530 So. 2d 808 (Ala. 1988) (state court declaratory judgment concerning duties to defend and indemnify and underlying action tried together). Indeed, having the state court determine the coverage issues would promote judicial economy and consistency of

---

do not themselves explicitly state that they provide the exclusive remedy.

judgments.

In conclusion, this Court declines to exercise jurisdiction to hear the plaintiff's declaratory judgment action. Certain issues of state law necessary to the outcome in the still-pending underlying state court action have yet to be addressed by that court, which must at some later point reach them in rendering its own decision, and the state forum is more than adequate and competent to answer the questions posed by the plaintiff here. Therefore, plaintiff New Hampshire's motion for summary judgment is denied and the present action is due to be dismissed without prejudice. A separate order will be entered.

DONE this 5th day of JULY, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE